LuANN STRALEY, Appellant Below, Appellant,
v.
ADVANCE STAFFING, INC., and UNEMPLOYMENT INSURANCE APPEAL BOARD, Appellees Below, Appellees.
No. 312, 2009.
Supreme Court of Delaware.
Submitted: September 30, 2009.
Decided: October 27, 2009.
Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

ORDER
JACK B. JACOBS, Justice
This 27th day of October 2009, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. LuAnn Straley ("Straley"), the appellant-below, appeals from a Superior Court judgment affirming certain decisions of the Unemployment Insurance Appeal Board (the "Board"). On appeal, Straley claims that the Superior Court erred by affirming the Board's decisions that: (i) Straley was not entitled to a rehearing, and (ii) Straley was discharged for "just cause." We affirm the Superior Court's determinations.
2. On October 26, 2007, Advanced Staffing, Inc. (the "Employer") discharged Straley because she allegedly breached her employment agreement by disclosing confidential information. Straley then applied for unemployment insurance benefits. The Claims Deputy found that Straley was ineligible for unemployment benefits because she had been discharged for "just cause."
3. After receiving notice of the Claims Deputy's denial of benefits, Straley appealed to the Appeals Referee. The Appeals Referee reversed the decision of the Claims Deputy, and found Straley eligible for unemployment benefits. The Appeals Referee's decision was based, in part, upon the Employer's failure to provide any evidence, other than hearsay, that Straley had breached the confidentiality provision of her employment agreement.
4. The Employer appealed the Appeals Referee's decision to the Board. On February 6, 2008, the Department of Labor (the "Department") allegedly mailed notice of a hearing on the appeal to Straley at her address shown on the record. Straley claims that she did not receive that notice.
5. On February 20, 2008 the Board found that "[a]lthough duly notified the claimant Lu Ann Straley failed to appear." The Board went forward with the hearing, and reversed the decision of the Appeals Referee, finding that Straley was ineligible for unemployment benefits because she had been discharged for "just cause." The Board based its decision, in part, on new evidence provided by the Employer.[1]
6. The Board mailed its decision to Straley at her address of record. Straley received that decision on April 16, 2008. The following day Straley faxed a letter to the Board, stating that she did not receive the notice of the February 20th hearing, and requested a rehearing of her case.
7. On April 30, 2008, the Board considered and denied Straley's request for a rehearing. The Board found that the notice had been sent to the same address as the Board's decision, which was the same address Straley listed in her request for a rehearing. In addition, the Board found no Department error that could have caused the notice to be misdirected. The Board concluded there was no basis upon which to exercise its discretion and grant a rehearing.
8. Straley timely appealed to the Superior Court. She attached to her opening brief an affidavit stating that "[w]hile I can not be certain as to why I did not receive the notice that was allegedly mailed to my current address, I am aware that I have [sic] problems receiving our mail at or around that time...."[2] The Superior Court held that: (i) the Board did not abuse its discretion by refusing to hold a rehearing, and (ii) the Board's decision to deny Straley unemployment benefits was supported by substantial evidence. Accordingly, the Superior Court affirmed the Board's decision. This appeal followed.
9. Upon appeal from a Superior Court's affirmance of a decision of the Board, this Court's review is limited. Where the Board's decision is supported by substantial evidence and is free from legal error, this Court will affirm.[3] A discretionary decision of the Board will be reviewed for abuse of discretion.[4]
10. Straley argues that the Board erred by denying her request for a rehearing. A ruling on a motion for a rehearing is entirely within the Board's discretion.[5] Therefore, the Board's decision will be reversed only if the Board abused its discretion by acting "arbitrarily or capriciously" or by "exceed[ing] the bounds of reason in view of the circumstances and ignor[ing] recognized rules of law or practice so as to produce injustice."[6] Here, the Board denied a rehearing because, as the Board found, notice was properly sent to Straley and no Department error caused the notice to be misdirected. Therefore, there was no basis for the Board to exercise its discretion and re-open the matter.[7]
11. Straley argues the Board's procedure violated her Due Process rights. Due Process is satisfied when notice is sent "by a method reasonably calculated to afford the party an opportunity to be heard." Generally, for notice to be effective it must be received.[8] But, "there is a presumption that mailed matter, correctly addressed, stamped and mailed, was received by the party to whom it was addressed."[9] This presumption may be rebutted by evidence that the notice was never in fact received.[10] There is a denial of due process only if the Board is at fault for the misdelivery.[11] If notice is properly addressed by the agency and not received because of some fault of the party to whom it was addressed, the notice is still deemed sufficient.[12] Mere denial of receipt is insufficient to rebut the presumption.[13]
12. Certain evidence can bolster the presumption that notice was received, such as: receiving other mail sent by the Department to that address,[14] notice being sent to the same address claimant provided on all of her paperwork,[15] claimant receiving and negotiating the unemployment benefits checks sent to the same address as the notice,[16] and the notice not being returned by the U.S. Post Office.[17]
13. Straley argues that the rebuttable presumption does not apply without some proof that notice was actually mailed. Specifically, Straley argues there was insufficient evidence to trigger the presumption, because there was neither testimony by the person who sent the notice nor testimony providing any explanation of the procedure for sending notices. Although the Superior Court has on occasion applied such a requirement to the Board,[18] in the majority of cases, record copy of the notice alone has been found to be adequate proof of mailing, absent any evidence of mistake by the Department.[19]
14. Here, the Board provided a record copy of the notice. Although the person who sent the mailing did not testify, the Board twice made a factual finding that notice was sent without error. Finally, the presumption is bolstered by the evidence that the notice was mailed to the same address as all of the other documents the Department sent to (and received by) Straley, which was the same address that Straley provided in all of her paperwork sent to the Department. Thus, there is substantial evidence that notice was actually mailed; therefore, the presumption should apply. The Board did not abuse its discretion in denying the request for a rehearing.
15. Next, Straley argues that the Board's denial of a rehearing deprived her of an opportunity to present evidence to rebut the presumption. Because Straley was unable to provide to the Board evidence of why she did not receive the notice, she submitted an affidavit to the Superior Court. The Employer argues that consideration of the affidavit is barred by Supreme Court Rule 8.
16. Without deciding the issue, even if Straley's affidavit was considered, it does not help her case. The affidavit contains nothing more than Straley's denial that she received the notice. Mere denial of receipt is insufficient to rebut the presumption.[20]
17. Finally, Straley argues that there was no substantial evidence in the record to support the Board's finding that she was terminated for "just cause." Straley's position is that the Board's finding cannot be based on substantial evidence where there was a contrary finding by the Appeals Referee.
18. 19 Del. C. § 3320 provides that the Board "may on its own motion, affirm, modify, or reverse any decision of an appeal tribunal on the basis of the evidence previously submitted ... or it may permit any of the parties ... to initiate further appeal before it." This Court does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, or make its own factual findings and conclusions.[21] It determines only if the evidence is legally adequate to support the Board's factual findings.[22]
19. The Board found that Straley had signed an employment agreement in which she agreed not to disclose to any person, any of the Employer's confidential information. Straley's signature evidences her knowledge of that agreement. At the Board's hearing, the Employer presented two of Straley's former co-workers as witnesses to Straley's breach of the confidentiality agreement. Based on that evidence, the Board concluded that Straley had been terminated for "just cause," which is defined as a "willful or wanton act ... in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[23]
20. This Court defers to the Board's assessment of the witnesses' credibility.[24] Thus, there is substantial evidence in the record to support the Board's findings that Straley violated a known office policy and was terminated for just cause.
NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court are AFFIRMED.
NOTES
[1] The new evidence was the testimony of two witnesses to Straley's disclosure of confidential information.
[2] The reasons suggested by Straley for problems with receiving mail were: (1) children tampering with mail and removing it from mailboxes, and (2) confusion by the mail carriers in Straley's neighborhood.
[3] Unemployment Ins. Appeal Bd. of Dept. of Labor v. Duncan, 337 A.2d 308, 308-09 (Del. 1975) ("The scope of review of findings of the Unemployment Insurance Appeal Board, like the scope of review in appeal from the Industrial Accident Board, is limited to a determination of whether there was substantial evidence sufficient to support the findings."); 19. Del. C. § 3323(a); McIntyre v. Unemployment Ins. Appeal Bd., 962 A.2d 917 (Table), 2008 WL 4918217 at *1 (Del. Nov. 18, 2008); Histed v. E.I. DuPont De Nemours & Co., 621 A.2d 340, 342 (Del. 1993) (reviewing a decision of the Industrial Accident Board).
[4] Funk v. Unemployment Ins. Appeal Bd., 591 A.2d 222, 225 (Del. 1991).
[5] Tesla Indus., Inc. v. Bhatt, 2007 WL 2028460, at *2 (Del. Super. June 28, 2007); see also Funk, 591 A.2d at 225 ("Section 3320 grants the Board wide discretion over the unemployment insurance benefits appeal process."); 19 Del. C. § 3321(a); UIAB Rule 7.1 ("The grant or denial of a motion for rehearing is solely within the discretion of the Board.").
[6] PAL of Wilmington v. Graham, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).
[7] This Court has recognized that the Board will only grant a rehearing under severe circumstances, such as where the interests of justice would not be served by inaction. Funk, 591 A.2d at 225.
[8] Windom v. Ungerer, 903 A.2d 276, 282 (Del. 2006).
[9] Id.
[10] Id.; Hall v. Camper, 347 A.2d 137, 139 (Del. Super. Ct. 1975).
[11] PAL of Wilmington, 2008 WL 2582986, at *4. See McGonigle v. George H. Burns, Inc., 2001 WL 1079036, at *2 (Del. Super. Sept. 4, 2001) (finding Board at fault when notice was addressed to a "substantially different" address).
[12] PAL of Wilmington, 2008 WL 2582986, at *5.
[13] Windom, 903 A.2d at 282; Robledo v. Stratus, 2001 WL 428684, at *1 (Del. Super. Mar. 27, 2001).
[14] Richardville v. Ardentown Inn, 1995 WL 44293, at *3 (Del. Super. Jan. 10, 1995) (receiving Board's decision denying benefits).
[15] Johnson v. Performance Staffing, 2004 WL 1732212, at *1 (Del. Super. July 29, 2004); Richardville, 1995 WL 44293, at *3.
[16] Richardville, 1995 WL 44293, at *3.
[17] Performance Staffing, 2004 WL 1732212, at *1.
[18] See Kostyshyn v. Unemployment Ins. Appeal Board, 1982 WL 593159, at *1 (Del. Super. July 9, 1982) (requiring the record to show that notice was sent before it may be presumed to be received, and finding that a copy of the notice and a statement by the Board's attorney that it was sent are insufficient); PAL of Wilmington, 2008 WL 2582986, at *6 (distinguishing Kostyshyn because the Board Secretary testified that she sent proper notice).
[19] Rodney Square Bldg. Restorations, Inc. v. Noel, 2008 WL 2943376, at *4 (Del. Super. July 22, 2008); see also Performance Staffing, 2004 WL 1732212, at *1 (applying the presumption to claimant's disadvantage without any discussion of proof of actual mailing); Richardville, 1995 WL 44293, at *3 (applying the presumption without proof from the Board of actual mailing); Rampulla v. Jimmy's Grille & Catering, 2009 WL 2852433, at *2 (Del. Super. June 5, 2009).
[20] Windom, 903 A.2d at 282; Robledo, 2001 WL 428684, at *1.
[21] Johnson v. Chrysler Corp., 213 A.2d 64, 66-67 (Del. 1965). See also 29 Del. C. § 10142(d).
[22] Chrysler, 213 A2d at 66-67.
[23] Moeller v. Wilmington Sav. Fund Soc'y, 723 A.2d 1177, 1179 (Del. 1999).
[24] Chrysler Corp., 213 A.2d at 66-67. See also 29 Del. C. § 10142(d).