# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

JOHN ULRICH,                                      :
                                                  :       C.A. No: K14A-12-001 RBY
                Appellant,                        :
                                                  :
        v.                                        :
                                                  :
COUNCIL ON REAL ESTATE                            :
APPRAISERS,                                       :
                                                  :
                Appellee.                         :

*Submitted: June 3, 2015*
*Decided: June 4, 2015*

***Upon Consideration of Appellant's Appeal from
the Council on Real Estate Appraisers
AFFIRMED***

## ORDER

John Ulrich, *Pro se.*

Katisha D. Fortune, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Council on Real Estate Appraisers.

Young, J.

## SUMMARY

John Ulrich ("Appellant") provided an appraisal of property located in Smyrna, Delaware for a client. The State of Delaware ("Appellee") deemed this appraisal to be inaccurate, bringing disciplinary proceedings against Appellant. A hearing officer found Appellant to be in violation of the Delaware Real Estate Appraisers Act and the Uniform Standards of Professional Appraisal Practice ("Appraiser Act")– specifically, 24 *Del. C.* § 4014(a)(5).

Whether a copy of this ruling, and a letter noticing a hearing reviewing the Hearing Officer's findings by the Council on Real Estate Appraisers ("Council") was received by Appellant, forms the core question before this Court. Appellant alleges that he was never provided notice of the hearing before the Council, after which the Council affirmed the Hearing Officer's findings. Appellant asserts that this is a violation of his due process rights.

The Court finds that the Appellant has not rebutted the presumption of receipt of notice. Furthermore, the letter constituting the notice contained the statutorily required elements. Therefore, the Court **AFFIRMS** the decision of the Council.

## FACTS AND PROCEDURES

The present appeal arises out of an allegedly faulty appraisal of residential property by Appellant. In September of 2012, Appellant, a licensed Certified General Real Property Appraiser, was retained by AMC Links Residential Mortgage ( "AMC") to provide an appraisal of property located at 444 Leena Lane, Smyrna, Delaware ("Property"). At that time, Appellant found the Property to be worth $221,000.00. However, in coming to this conclusion, Appellant indicated that he had been unable to find sales of comparable properties in the past 12 months.

2

Appellee found this assessment and the appraisal to be incorrect or misleading. As a result, Appellee filed a professional licensure complaint against Appellant. Following a hearing held on September 10, 2014 before a hearing officer ("Hearing Officer"), it was determined that Appellant had violated the Appraiser Act: 24 *Del. C.* § 4014(a)(5). On September 29, 2014, the Hearing Officer submitted a written recommendation ("Recommendation") for review by the Council. A copy of the Recommendation was mailed on the same date to Appellant, accompanying a letter, which noticed a hearing before the Council to be held on October 21, 2014. Appellant disputes receipt of the letter and Recommendation, though he concedes having received prior communication at the same address as he had been reached previously.

Appellant did not appear at the October 21, 2014 hearing, after which the Council adopted the Hearing Officer's Recommendation. As per the Council's decision, Appellant is to pay a fine of $500.00 and attend continuing education courses. On December 18, 2014, Appellant appealed this decision.

## DISCUSSION

In his appeal of the Council's decision, Appellant asserts the singular contention that his constitutional due process rights were violated by insufficient notice. Appellant does not argue, and the Court does not consider, whether the Council's findings were based on substantial evidence, or whether there was an error of law in its reasoning, as is the usual standard on an appeal from an administrative board.[1]

It is a long established principle that "procedural due process requires that

---

[1] 29 *Del. C.* §10142(d); *Avon Prods. v. Lamparski*, 293 A.2d 559, 560 (Del. 1972).

parties must be adequately notified of agency actions that will impact their rights, privileges, and immunities."[2] There are two considerations when notice is at issue. The first deals with whether Appellant *received* notice, and the second concerns the *substance* of this notice. In Delaware, receipt of notice is presumed where that notice is correctly addressed, stamped and mailed.[3] However, "[t]he presumption of receipt may be rebutted where the party asserting lack of notice can show that the mail was never in fact received."[4] Supporting non-receipt requires more than "mere denial."[5]

The substance of this notice, as applies to the circumstances of this case, is governed by 29 *Del. C.* § 10122, which provides that:

> Whenever an agency proposes to proceed for a case decision, it shall give 20 days' prior notice to all parties as follows:
> (1) The notice shall describe the subject matter of the proceedings;
> (2) The notice shall inform the parties of the opportunity, if permitted by law, to elect to proceed by informal fact-finding and of the date by which such election must be made;
> (3) The notice shall give the date, time, and place the formal hearing will be held if informal fact-finding is not elected;
> (4) The notice shall cite the law or regulation giving the agency authority to act;
> (5) The notice shall inform the party of the right to present evidence, to be represented by counsel and to appear personally or by other representative; and

---

[2] *El-Roiey v. The Bd. of Med. Licensure and Discipline of the State of Delaware*, 2014 WL 7150035, at *5 (Del. Super. Ct. Nov. 25, 2014) (*citing Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)).

[3] *Windom v. Ungerer,* 903 A.2d 276, 282 (Del. 2006).

[4] *El-Roeiy*, 2014 WL 7150035 at *6.

[5] *Straley v. Advance Staffing, Inc.*, 2009 WL 3451913, at *2 (Del. Oct. 27, 2009).

(6) The notice shall inform the parties of the agency's obligation to reach its decision based upon the evidence received.[6]

The notice that Appellant alleges never to have received provided the date and time of the Council's review of the Hearing Officer's Recommendation. This hearing, which the Appellant did not attend, was held on October, 21, 2014, and resulted in the Council's adopting the Hearing Officer's ruling – an unfavorable result for Appellant. Asserting the lack of notice of this hearing, Appellant claims he was deprived of the opportunity to present his view of the dispute to the Council. Appellant argues that the cause of the non-receipt was that the notice was mailed "regular mail," as opposed to certified mail. Appellant maintains that previous correspondence concerning this matter was sent via certified mail.

On the record, Appellant has merely denied receipt of the notice concerning the October 2014 Council hearing. Appellant has failed to provide proof of the non-receipt, such as any evidence that the mail was returned as undeliverable.[7] What the record does reveal, however, is that the Hearing Officer, on September 29, 2014, addressed a letter to Appellant via First Class Mail to Appellant's last known address. Indeed, this is the address at which Appellant had previously received correspondence in this matter – a fact that Appellant concedes by making the distinction between certified and "regular mail" in his brief. Delaware recognizes that "certain evidence can bolster the presumption that notice was received (for instance,

---

[6] 29 *Del. C.* § 10122.

[7] *See e.g., El-Roeiy*, 2014 WL 7150035 at *6 (holding that "due process is denied only when the Board is at fault for the undeliverable mail").

receiving other mail sent by the Department to that address..."[8]). Together with the fact that the notice was properly addressed and, with no evidence to the contrary, properly mailed as the Hearing Officer's September 2014 letter, the Court deems the presumption of receipt intact.

Appellant does not reach the substance component of the notice requirement in his brief. However, as Appellee takes time to provide support for compliance with § 10122, the Court will address this point. The notice at issue is, again, the September 2014 letter. There are six distinct elements that such notice must contain, as required by § 10122. A review of the September 2014 letter, in conjunction with these six prongs, convinces the Court that the notice contained the proper statutory substance.

Having determined that both the receipt of the notice and the inclusion of required content are satisfied, the Court finds that Appellant's due process rights were not violated. The decision of the Council is **AFFIRMED**.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the ruling of the Council below.

**IT IS SO ORDERED**.

_____/s/ Robert B. Young_____
J.

RBY/lmc
cc:   Counsel
        Mr. Ulrich (*via U.S. Mail*)
        Opinion Distribution

---

[8] *Straley*, 2009 WL 3451913 at *2.

6