IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WEIH STEVE CHANG, | § | |
| | § | No. 13, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. K16C–07–020 |
| CHILDREN'S ADVOCACY | § | |
| CENTER OF DELAWARE, INC., et | § | |
| al., | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: April 24, 2017
Decided: April 25, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 25th day of April 2017, it appears to the Court that:

(1)     The appellant, Weih Steve Chang, filed this appeal from the Superior Court's order of December 9, 2016, dismissing his civil complaint.   Chang's opening brief and appendix were due to be filed by February 23, 2017.   When the brief and appendix were not filed, the Clerk issued a brief delinquency notice advising Chang that the brief and appendix must be filed within seven days or a notice to show cause would issue.   When Chang did not file the brief and appendix as directed in the brief delinquency notice, the Clerk issued a notice by certified mail directing Chang to show cause why the appeal should not be dismissed.

(2)     Chang filed a response to the notice to show cause on March 20.  In the response, he contended that he had not received the brief schedule and brief delinquency notice.

(3)     In Delaware, there is a rebuttable presumption that mailed matter, correctly addressed, stamped and mailed, was received by the party to whom it was addressed.[1]  Mere denial of receipt is insufficient to rebut the presumption.[2]  In this case, the record reflected that the brief schedule and brief delinquency notice were correctly addressed to Chang.  Neither mailing was returned as undeliverable.

(4)     After considering Chang's response to the notice to show cause, the Court issued an order on March 24 granting Chang an extension of time until April 24 to file the opening brief and appendix.  The Court advised Chang that the record did not support his assertion that he had not received the brief schedule and brief delinquency notice, and that if he failed to file the brief and appendix by April 24, the appeal would be dismissed without further notice.

(5)     Chang did not file the opening brief and appendix by the April 24 deadline.  Instead, on April 24, Chang filed a motion seeking a stay of this appeal pending the Superior Court's decision on an application for certification of an interlocutory appeal that Chang filed on April 20.  Chang also filed a motion for

---

[1] *Straley v. Advance Staffing, Inc.*, 2009 WL 3451913, at *2 (Del. Oct. 27, 2009) (citing *Windom v. Ungerer*, 903 A.2d 276, 282 (Del. 2006)).
[2] *Id.*

recusal and a motion for reconsideration of a prior unsuccessful request for court-appointed counsel.

(6)     Chang's motion to stay filed on April 24 marks the third time he has sought a stay of this appeal.  The first motion to stay, which was filed on March 17, was denied in the March 24 order that granted Chang an extension of time until April 24 to file the opening brief and appendix.  The second motion to stay, which was filed on April 18, was denied in an order issued on April 19.

(7)     Chang was informed in the March 24 order that his failure to file the opening brief and appendix by April 24 would result in the dismissal of his appeal without further notice.  Also, in a letter dated April 19 from the Clerk, Chang was advised that the opening brief and appendix must be filed, without fail, on or before April 24.  Chang's failure to file the opening brief and appendix by the April 24 deadline warrants dismissal of this appeal for his failure to prosecute.

NOW, THEREFORE, IT IS ORDERED, that the appeal is DISMISSED under Supreme Court Rule 29(b).  Chang's motion to stay, motion for recusal, and motion for reconsideration are moot.

BY THE COURT:
*/s/ Leo E. Strine, Jr.*
Chief Justice

3