# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN BOSSERT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N22A-03-005 JRJ |
| | ) | |
| STATE OF DELAWARE | ) | |
| DIVISION OF UNEMPLOYMENT | ) | |
| INSURANCE, & | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| | ) | |
| Appellees. | ) | |

Date Submitted: October 7, 2022
Date Decided: November 22, 2022

## MEMORANDUM OPINION

*Upon Claimant's Appeal from the Decision of the Unemployment Insurance Appeal Board:* **AFFIRMED**.

Steven Bossert, *pro se*, Appellant.

Victoria W. Counihan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for the Delaware Division of Unemployment Insurance.

Victoria E. Groff, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for the Delaware Unemployment Insurance Appeal Board.

**JURDEN, P.J.**

## I.    INTRODUCTION

This is an appeal from a decision of the Unemployment Insurance Appeal Board ("Board") denying Appellant Steven Bossert's ("Bossert") petition for payment of retroactive unemployment benefits. After considering the parties' briefs, the relevant evidence in the record, and the determinations of the Board, the Court concludes that the Board's decision must be **AFFIRMED**.

## II.    BACKGROUND

Bossert is employed as a school bus driver with Sutton Bus & Truck Co.[1] As a seasonal employee, Bossert files for unemployment benefits every summer, and has done so for twenty years.[2] In 2021, Bossert discovered that he had not received any unemployment benefits for the Summer 2020 season, and believed he was entitled to them.[3] Bossert contacted the Delaware Division of Unemployment Insurance ("Division") on January 10, 2021 and requested retroactive benefits for the period from June 27, 2020 to August 29, 2020 ("the Period").[4] He continued to contact the Division without resolution until his case was marked as "closed" in November 1, 2021.[5] Though Bossert did not file a formal "Complaint" with the

---

[1] Notice of Determination, R92.
[2] Referee Hr'g Tr., R45 at 27:20-21, R46 at 28:14, R31 at 31:23-24.
[3] *See generally* Agency Ex. 3, R81-86.
[4] *Id.*
[5] *Id.*

Division, his request for retroactive benefits was submitted for consideration by a Claims Deputy.

The Claims Deputy for the Division issued a Notice of Determination on December 2, 2021, finding Bossert ineligible for receipt of retroactive benefits for the Period.[6] This determination was based on the finding that Bossert had not filed any weekly pay authorizations after June 20, 2020.[7]

On December 9, 2021, Bossert appealed the Claims Deputy's decision to the Division.[8] The Division held a telephonic hearing on January 18, 2022,[9] where an Appeals Referee ("Referee") considered the appeal *de novo*.[10] During the hearing, the Appeals Representative ("Representative"), appearing on behalf of the Division, stated that because Bossert did not have an open claim and did not file weekly pay authorizations, he was ineligible for retroactive benefits for the Period.[11] The Representative testified that Bossert previously filed a claim for unemployment benefits on June 16, 2019.[12] A claim year lasts for a year and six days, thus Bossert's claim expired on June 22, 2020.[13] According to the Representative, Bossert would have had to open a new claim by June 22, 2020 before he could begin filing pay

[6] Notice of Determination, R91.
[7] *Id.* The Claims Deputy applied 19 *Del. Admin. C.* § 1202-6.1 as the basis for its determination.
[8] Notice of Appeal Req., R91, R93.
[9] Notice of Referee's Hr'g, R89.
[10] *See* Referee Hr'g Tr., R22-R56.
[11] Referee Hr'g Tr., R34 at 16:19-22, R41 at 23:19-24.
[12] Referee Hr'g Tr., R28 at 10:1-2.
[13] *Id.* at 10:4-5.

authorizations for the weeks that followed.[14]  The Representative testified that in advance of that expiration date, the Division sent Bossert a letter advising him that he was required to open a new claim.[15]  Bossert did not dispute the Division's assertion that he failed to open a new claim by June 22, 2020; however, he testified that he never received notice from the Division that his prior claim was expiring.[16] The Representative further testified that Bossert stopped filing weekly pay authorizations after June 20, 2020, and he did not file any during the Period.[17]  In addition to her testimony, the Representative also submitted several exhibits, including an agency record showing a portion of Bossert's claims and pay authorizations submitted to the Division.[18]  According to the agency record, no pay authorizations were filed by Bossert between June 20, 2020 and December 26, 2020.[19]

Bossert testified that he filed the appropriate weekly pay authorizations as required by law for the Period[20] and argued that he has been filing for unemployment benefits for over twenty years–"[e]very summer, every Thanksgiving, every

---

[14] *Id.* at 10:6-7.
[15] *Id.*
[16] Referee Hr'g Tr., R38 at 20:12-13.
[17] Referee Hr'g Tr., R28 at 10:17-18.
[18] Agency Ex. 4, R87-R88.
[19] *Id.*  The Representative also testified that the Division had their IT department conduct a search of their online claims system to ensure there were no hidden pay orders for Bossert.  Referee Hr'g Tr., R47 at 29:1-5.  The search returned no results for Bossert.  *Id.*
[20] *See generally* Referee Hr'g Tr., R22-R56.

Christmas, every Easter . . . ,"[21] –up to and including the Period for which he seeks retroactive payments.[22] Bossert did not provide any documentation to the Referee in support of his claim that he filed the required pay authorizations.

Following the January 20, 2022 hearing, the Referee issued her decision upholding the Claims Deputy's determination finding Bossert ineligible for retroactive benefits.[23] The Referee determined that Bossert had not filed any weekly pay authorizations during the Period and did not have an open claim until he filed one on November 22, 2020.[24] The Referee cited 19 *Del. Admin. C.* § 1202-6.1 as the legal basis for her decision, stating, "Regulation 6.1 . . . stipulates that all unemployment claims must be dated as effective during the week in which the individual makes contact with the office."[25]

On January 31, 2022, Bossert appealed the Referee's decision to the Board.[26] The Board held a review hearing on February 9, 2022.[27] As a matter of discretion, it conducted the hearing outside the presence of the parties, taking no new testimony from the Division or Bossert.[28] On March 11, 2022, the Board affirmed the

---

[21] Referee Hr'g Tr., R37-R38 at 19:23-24 – 20:1. His testimony that he did so was based on his recollection, frequency of filing, and past history with the system.
[22] *See generally* Referee Hr'g Tr., R22-R56.
[23] Referee's Decision, R67.
[24] Referee's Decision, R68.
[25] *Id. See also* 19 *Del. Admin. C.* § 1202-6.1.1.
[26] Appeal Req. to Board, R9, R11.
[27] Notice of Board's Decision, R4 para. 1.
[28] Notice of Board's Decision, R5 para. 4 (quoting 19 *Del. C.* § 3320(a)).

Referee's decision, relying solely on "evidence previously submitted to the appeal tribunal" and adopting the findings and conclusion of the Appeals Referee.[29] Bossert timely appealed the Board's decision to this Court.[30]

## III. STANDARD OF REVIEW

The Superior Court plays a limited role when reviewing a decision on appeal from the Board. Factual findings, "if supported by evidence . . . shall be conclusive, and the Court shall be confined to questions of law."[31] "The position of the [Court] on appeal is to determine only whether or not there was substantial evidence to support the findings of the Board."[32] Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[33] Conclusions of law are reviewed *de novo*.[34] The Court will review the Board's discretionary rulings for abuse of discretion,[35] only disturbing its decisions where the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[36]

---

[29] Notice of Board's Decision, R4-R8.
[30] Bossert's Notice of Appeal, R3.
[31] 19 *Del. C.* § 3323(a).
[32] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960).
[33] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[34] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).
[35] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[36] *Oceanport Indus.*, 636 A.2d at 899 (citing *Olney*, 425 A.2d at 614).

## IV.  DISCUSSION

Bossert asserts the following grounds as the bases for his appeal: (1) the Division knew that the online benefits portal was error-prone; (2) the Board held its hearing without him present; (3) he did not receive notice of the end of his claim year; and (4) he should receive retroactive benefits because he submitted the required weekly pay authorizations during the Period.[37]

### A.  The Court Will Not Consider Facts Raised for the First Time on Appeal.

Bossert raises new facts for the first time on appeal.  Specifically, in his Notice of Appeal, he argues that "there [was] a problem with the online [web benefits] system."[38]  He alleges that several Division employees were aware of the problem, and any issues with his pay authorizations were due to those errors and "no fault of [his own]."[39]  Upon appeal from a denial of unemployment benefits, the Superior

---

[37] Bossert's Notice of Appeal, R3.

[38] *Id.* ¶ 2; Bossert's Opening Br. ¶ 4.

[39] Bossert's Notice of Appeal, R3, ¶ 2.  Bossert claims that several Department of Labor employees have admitted that the online web benefits system is unreliable.  In his Notice of Appeal, Bossert claims that "Robin [sic] Christie and JJ Lang . . . said only [to] use [the] phone for pay authorizations [be]cause [they have] had too many problems online." *Id.*  Bossert makes a similar claim in his Opening Brief alleging that Robyn Christie advised him to use the phone to file pay authorizations because they are recorded, and "they [have] had many problems with [the] online [system]."  Bossert's Opening Br. ¶¶ 2-3.  He also states that the Representative, JJ Lang, also advised him as much.  *Id.* ¶ 4.  In his Reply Brief, Bossert cites pages 32 and 33 of the hearing transcript, arguing that the Representative advised him to use the phone and conceded that there were problems with the online system.  Bossert's Reply Br. ¶ 4.

Contrary to Bossert's statements, the Representative actually testified as follows: "I would suggest you call in your pay orders.  Because at least then it tells you that it got it.  Something's not right.  And I'm not sure, you know, if it's a user error . . . [but w]e haven't had this issue with people online . . ."  Referee Hr'g Tr., R50 at 32:7-14.

7

Court is limited to consideration of the record which was before the administrative agency.[40] Thus a claimant, appealing the decision of the Board, may not supplement the record with facts not previously raised.[41] Facts not appearing in the record below will not be considered.[42] Consequently, Bossert's claim alleging technical difficulties with the web benefits portal will not be considered by the Court.

**B.    The Board Did Not Abuse its Discretion in Conducting a Review Hearing Without the Presence of the Parties.**

In his opening brief, Bossert questions whether the Board erred when it conducted the February 9, 2022 hearing without him present.[43] Delaware law affords the Board broad discretion in hearing appeals and provides that the Board may render its decision "on the basis of the evidence previously submitted . . . or it *may* permit any of the parties . . . to initiate further appeal before it."[44] The Board may, in its discretion, render a decision "without further hearing[,]"[45] and the Court has previously held that the Board is not required to notify or accept the testimony of a claimant on review.[46] The Board found that Bossert's request for appeal raised "no new factual or legal issue[s] for the Board to address,"[47] so it considered his

---

[40] *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976).
[41] *Torres v. MOT Charter Sch.*, 2022 WL 1584508, at *2 (Del. Super. May 19, 2022).
[42] *Id.*
[43] Bossert's Opening Br. ¶ 5.
[44] 19 *Del. C.* § 3320(a) (emphasis added).
[45] 19 *Del. Admin. C.* § 1201-6.3.
[46] *August v. People's Place II, Inc.*, 2022 WL 537405, at *3 (Del. Super. Feb. 23, 2022); *Molinaro v. Div. of Unemployment Ins. Appeal Bd.*, 2005 WL 1952989, at *1 (Del. Super. June 24, 2005).
[47] Notice of Board's Decision, R5 para. 4; *see* Bossert's Appeal to Board, R11.

8

appeal on the record. Thus, the Court finds no error of law or abuse of discretion in the Board's decision to conduct a "review hearing[]"[48] without the parties present.

## C. There Are Sufficient Facts in the Record to Support a Finding That There Were No Filing Errors by the Division.

Bossert does not dispute the fact that he did not have a claim open during the Period. He argues that his failure to file was the Division's fault because it failed to notify him that his claim was about to expire.[49] Under Delaware law, notice that is "correctly addressed, stamped and mailed is presumed to have been received by the party to whom it was addressed."[50] Absent evidence suggesting error by the Department of Labor in mailing or addressing such notice, the presumption that notice was properly mailed and addressed is supported.[51] This is true even in the absence of "any documentary evidence of mailing, to establish that notice was sent to the party."[52] The presumption may be rebutted by evidence that the mail in question was not received, but "[m]ere denial of receipt is insufficient to rebut the presumption."[53]

---

[48] Board's Answering Letter para. 3.
[49] Bossert's Notice of Appeal, R3, ¶ 1.
[50] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).
[51] *Id.*
[52] *Id.* (citing *Reagan Nat'l Advert., Inc. v. Unemployment Ins. Appeal Bd.*, 1990 WL 105632, at *3 (Del. Super. July 19, 1990)).
[53] *Straley v. Advance Staffing, Inc.*, 984 A.2d 124, 2009 WL 3451913, at *3 (Del. 2009) (TABLE).

9

At the hearing before the Referee, the Representative testified that the Division sent Bossert a letter notifying him that his prior claim was expiring and he needed to open a new claim.[54] There is no evidence in the record to suggest that the Division improperly addressed, stamped, or mailed the letter. The Representative testified that Bossert should have been aware of the claims process because it is outlined in the Claimant Handbook,[55] and the Division's processes have been the same for years.[56] The Representative further testified that Bossert's past history of filing for unemployment benefits should have been sufficient to inform him of the correct process for filing a claim and what was required of him.[57] Bossert offered no evidence to refute this testimony other than stating, "I know you're going to say it is my responsibility to figure that out, but I've been doing it 20 years and never had a problem."[58] The evidence supports the presumption that the Division's letter was appropriately addressed, mailed and received, giving Bossert adequate notice that he needed to open a new claim. Based on the testimony of the parties and the

---

[54] Division's Answering Letter ¶ 2; *see also* Referee Hr'g Tr., R40 at 22:9-11. The Representative did not provide a copy of the letter at the hearing, and it does not appear in the record. The Referee did not request that the Representative take further steps to locate the letter.

[55] Div. of Unemp. Ins, *Claimant Handbook: Your Guide to Unemployment Insurance Benefits*, Del. Dep't of Lab., https://laborfiles.delaware.gov/main/dui/handbook/UI%20Claimant%20Handbook.pdf (last revised Apr. 2020).

[56] Referee Hr'g Tr., R41 at 41:15-24, R42 at 24:1-14.

[57] Referee Hr'g Tr., R29 at 11:7-13.

[58] Referee Hr'g Tr., R38 at 20:20-23.

relevant evidence in the record, the Court finds no legal error nor abuse of discretion on the part of the Board.

**D.    The Board's Decision to Deny Bossert Retroactive Benefits Is Based on Substantial Evidence and Free from Legal Error.**

Bossert argues that he is eligible for retroactive benefits because he *did* file weekly pay authorizations for the Period.[59]  Under Delaware law, the process for receiving unemployment benefits is governed by 19 *Del. Admin. C.* § 1202-6.0.[60] Section 1202-6.1 provides that an individual claiming unemployment benefits must first "[f]ile a claim for benefits, either in-person at a Delaware Division of Unemployment Insurance Local Office or via the Internet."[61]  Subsequently, § 1202-6.2.2 provides that "in order to establish eligibility for benefits, the claimant shall . . . [f]ile a continued claim for benefits each week."[62]  Thus, the claims process proceeds in two parts: an individual seeking unemployment benefits must first file a claim and then must file week pay authorizations.[63]

Here, it is not disputed that Bossert did not have an open a claim during the Period.  At the hearing before the Referee, the Representative testified that Bossert's

---

[59] Bossert's Notice of Appeal ¶ 2.
[60] 19 *Del. C.* § 3317(a).
[61] 19 *Del. Admin. C.* § 1202-6.1.1.  Under this regulation, a claim filed in this manner is effective as of the Sunday preceding the filing date.  *Id.*
[62] 19 *Del. Admin. C.* § 1202-6.2.2.  Though the regulation uses the term "claim," this term may be used interchangeably with the term "pay authorization."
[63] *See generally* Referee Hr'g Tr., R51.

11

prior claim year began on June 16, 2019.[64] That claim year expired on June 22, 2020,[65] and Bossert did not file another claim with the Division until November 22, 2020.[66] Therefore, from June 22, 2020 until November 22, 2020, including the Period at issue in this appeal, Bossert did not have an open claim with the Division. With regard to the required weekly pay authorizations, as Bossert concedes, there is no evidence in the record other than Bossert's testimony supporting his contention that he filed weekly authorizations, and Bossert provided no documentation to the Referee to support his argument.[67]

The Board's decision that Bossert was ineligible for retroactive benefits for the Period[68] is based on Bossert's failure to file weekly pay authorizations for the Period.[69] The Board upheld the Referee's decision, relying on 19 *Del. Admin. C.* § 1202-6.1.1.[70] But, the Board cited the wrong section of the operative regulation. The Board should have cited § 1202-6.2.2.[71] That being said, given the Board's

---

[64] Referee Hr'g Tr., R28 at 10:1-2.
[65] *Id.* at 10:4-5.
[66] Referee Hr'g Tr., R34 at 16:9-10.
[67] In his Notice of Appeal to the Board, Bossert concedes that "[t]he only proof [the Board has] that I filed my weekly claims is my word." Bossert's Notice of Bd. Appeal, R11.
[68] Notice of Board's Decision, R4-R5.
[69] *Id.*
[70] *Id.*
19 *Del. Admin. C.* § 1202-6.1 states: "Except as otherwise provided in this regulation, any individual claiming benefits shall: . . . [f]ile a claim for benefits, either in-person at a Delaware Division of Unemployment Insurance Local Office or via the Internet (such claim shall be effective as of the Sunday immediately preceding the date of filing) . . ."
[71] 19 *Del. Admin. C.* § 1202-6.2 states: "6.2 Except as otherwise provided in this regulation, in order to establish eligibility for benefits, the claimant shall: . . . [f]ile a continued claim for benefits each week. . ."

12

factual findings, 19 *Del. Admin. C.* § 1202-6.2.2 renders Bossert ineligible for retroactive unemployment benefits for the Period.[72]  Section 1202-6.2.2 expressly requires the filing of weekly claims, or pay authorizations, in order to establish eligibility for benefits in a given week.[73]  The pay authorizations are "the only thing that processes a check"[74] for benefits, and without one, the Division cannot make any assumptions on a claimant's behalf.[75]

The Court finds there is substantial evidence to support the Board's finding that Bossert is ineligible for retroactive benefits from June 27, 2020 to August 29, 2020.  The Board's erroneous citation does not amount to legal error requiring reversal because there is substantial evidence in the record demonstrating that Bossert failed to file weekly pay authorizations during the Period as required by 19 *Del. Admin. C.* § 1202-6.2.2.

---

[72] *See* Notice of Board's Decision, R4-R5.
[73] 19 *Del. Admin. C.* § 1202-6.2.2.
[74] Referee Hr'g Tr., R43 at 25:18-19.
[75] *Id.* at 25:1-7.

## V.     CONCLUSION

After careful review, the Court finds that there is substantial evidence to support the Board's decision, the Board's decision is free from legal error, and the Board did not abuse its discretion.    Consequently, the Board's decision[76] is **AFFIRMED**.

**IT IS SO ORDERED**.


                                                    /s/ Jan R. Jurden
                                        Jan R. Jurden, President Judge

---

[76] Notice of Board's Decision, R4-R5.

14