# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYKIA FAUCETT | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N23A-06-010 PAW |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: September 22, 2023
Decided: November 15, 2023

## MEMORANDUM OPINION AND ORDER

*Upon Appeal from the Unemployment Insurance Appeal Board:*

**AFFIRMED**.

Raykia Faucett, *pro se*, *Appellant.*

Matthew B. Frawley, Esq., of Delaware Department of Justice, *Attorney for Appellee.*

**Winston, J.**

## I.    INTRODUCTION

Raykia Faucett appealed the Unemployment Insurance Appeal Board's (the "Board") decision declining to accept her appeal and affirming the Appeal Referee's (the "Referee") decision that her appeal was untimely. Ms. Faucett argues that she never received the determination letter disqualifying her from unemployment benefits. For the following reasons, the Board's decision is **AFFIRMED**.

## II.    FACTUAL AND PROCEDURAL HISTORY

In a written decision issued and mailed to Ms. Faucett on January 19, 2023, a Claims Deputy found Ms. Faucett did not qualify to receive unemployment benefits (the "Disqualification Decision").[1] By law, a determination by a Claims Deputy is binding and final unless appealed within ten days.[2] Because January 29, 2023, was a Sunday, Ms. Faucett had until Monday, January 30, 2023, to file an appeal.[3] Ms. Faucett filed her appeal on March 1, 2023,[4] making it untimely under Delaware law.

On March 1, 2023, Ms. Faucett's appeal was referred to the Referee "to address the timeliness issue only" (the "Hearing Notice").[5] On March 21, 2023, the Referee held a hearing on the sole issue of the timeliness of Ms. Faucett's appeal.[6]

---

[1] R. at 94, Disqualification Decision.
[2] 19 *Del. C.* § 3318(b).
[3] R. at 94, Disqualification Decision.
[4] R at 86, Disqualification Decision Appeal.
[5] R. at 96, Hearing Notice.
[6] R. at 34-59, Transcript of Proceedings.

After the hearing, the Referee found no evidence of administrative error or mistakes by the Department of Labor.[7] Ms. Faucett confirmed the Department of Labor had her correct address.[8] The Department of Labor mailed the Disqualification Decision to Ms. Faucett's address of record.[9] Although, Ms. Faucett contends she did not receive the Disqualification Decision, she did receive the Hearing Notice at her address of record.[10] The Referee also noted that no evidence was presented to show the Disqualification Decision was returned to the U.S. Postal Service.[11] Ms. Faucett testified that aside from belated mail delivery, she has not had any issues with receiving her mail.[12] Accordingly, the Referee affirmed the Claim Deputy's decision.[13]

Ms. Faucett then appealed to the Board. The Board declined to hear Ms. Faucett's appeal on the grounds that there was no evidence that the Department of Labor used an incorrect address, no evidence of an administrative error, and no evidence of severe circumstances preventing Ms. Faucett from timely appealing the decision.[14] Therefore, the Board declined to exercise its discretion to accept the

---

[7] R. at 68-69, Referee's Decision.
[8] R. at 27, Decision of the Unemployment Appeal Board.
[9] *Id.* at 28; R. at 69, Referee's Decision.
[10] R. at 68.
[11] R. at 69.
[12] *Id.*
[13] *Id.*
[14] R. at 28, Decision of the Unemployment Appeal Board.

appeal and affirmed the Referee's decision that Ms. Faucett's request for appeal was untimely.[15]  Ms. Faucett filed the instant appeal to this Court.[16]

## III.    PARTIES CONTENTIONS

On appeal, like her contentions below, Ms. Faucett argues she never received "any mail stating she had until Monday 1/30/23 to file a timely appeal."[17]  She also asserts she provided substantial evidence that the delay occurred due to the Department of Labor's failure to "coordinate[e] or send[] correspondence prior to [] December 22, 2022."[18]  This alleged delay should have triggered an extension or rescheduled hearing.[19]   In addition, she notes that the Department of Labor consistently listed the incorrect employer on the documents related to her claim.[20]

---

[15] *Id*.

[16] R. at 3, Notice of Appeal.

[17] Appellant Op. Br. at 2.

[18] *See* Appellant Reply Br. at 2.  Ms. Faucett titles her brief, dated September 20, 2023, as "Answering Brief of Appellant," however, the brief is properly noted on the docket as her reply brief.

[19] *Id*.

[20] Appellant Reply Br. at 1.  Ms. Faucett acknowledges that she is the source of the mistake because she erroneously provided the wrong employer's name when initially filing her claim.  *See* Op. Br. At 1.  She also, however, contradicts herself by claiming she "filed for unemployment benefits effective date 12/18/2022 indicating she was let go from her employment with Fresenuis Medical Care."  Op. Br. At 1.  Although, unrelated to the untimeliness issue, the Disqualification Decision which disqualified Ms. Faucett from receiving benefits lists the correct employer – Fresenius Medical Care – in the Findings of Fact section.  *See* R. at 94, Disqualification Notice.

In response, the Board counters that it properly exercised its discretion in declining to hear Ms. Faucett's appeal. In support of its determination, the Board found: (i) no error in the Referee's decision: (ii) no failure of due process; (iii) no administrative error; and (iv) no evidence of severe circumstances causing the delay in Ms. Faucett's appeal.[21] Additionally, the Board reasons that any confusion regarding Ms. Faucett's employer is inconsequential because the Disqualification Decision refers to the correct previous employer – Fresenius Medical Care.[22]

## IV.   STANDARD OF REVIEW

This Court's review of an administrative board's decision is limited. This Court merely determines whether the Board's findings and conclusions of law are free from legal error and supported by substantial evidence.[23] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24] The substantial evidence standard requires the court to "search the entire record to determine whether, on the basis of all of the testimony and exhibits before the agency, it could fairly and reasonably reach the conclusion

---

[21] R. at 28, Decision of the Unemployment Insurance Appeal Board.
[22] Appellee Ans. Br. at 5-6.
[23] *Cooper v. Delaware Bd. of Nursing*, 264 A.3d 214, 2021 WL 4938135, *2 (Del. Oct. 21, 2021) (TABLE).
[24] *Id.*

that it did."[25] The Court will not weigh the evidence, determine questions of credibility, or make its own factual findings.[26] Questions of law are reviewed *de novo*.[27] If the decision is supported by substantial evidence and free from legal error, then the administrative board's decision must be affirmed.[28]

A discretionary decision of the Board will be reviewed for abuse of discretion.[29] Declining to accept an appeal is within the Board's discretion.[30] Therefore, the Board's decision will be reversed only if the Board abused its discretion by acting "arbitrarily or capriciously" or by "exceed[ing] the bounds of reason in view of the circumstances and ignor[ing] recognized rules of law or practice so as to produce injustice."[31]

---

[25] *Cooper v. Delaware Bd. of Nursing*, 2021 WL 754306, at *2 (Del. Super. Feb. 26, 2021) (internal quotations omitted), *aff'd Cooper v. Delaware Bd. of Nursing*, 264 A.3d 214 (Del. Oct. 21, 2021) (TABLE).

[26] *Id.*

[27] *Finney v. Delaware Dep't of Transp.*, 2021 WL 321072, at *3 (Del. Super. Feb. 1, 2021).

[28] *Straley v. Advance Staffing, Inc.*, 984 A.2d 124, 2009 WL 3451913, at *2 (Del. Oct. 27. 2009) (TABLE).

[29] *Id*.

[30] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991) (holding that the Unemployment Insurance Appeal Board, in the discretion granted by 19 *Del. C.* § 3320, may decline to consider an appeal).

[31] *Straley*, 984 A.2d 124, 2009 WL 3451913, at *2 (citation omitted).

## V.   DISCUSSION

**THE APPEAL IS UNTIMELY, AND THE BOARD DID NOT ABUSE ITS DISCRETION IN DECLINING TO HEAR THE UNTIMELY APPEAL**

The Disqualification Decision indicated the decision would become final unless timely appealed by January 29, 2023. Ms. Faucett did not appeal until March 1, 2023, after the appeal deadline had passed. Therefore, Ms. Faucett's appeal was untimely under 19 *Del. C.* § 3318(b).

The Board declined to accept Ms. Faucett's appeal because the Disqualification Decision was properly sent to Ms. Faucett. Ms. Faucett asserts she never received the Disqualification Notice via mail. There is a presumption, however, that mailed items correctly addressed are received by the party to whom it is addressed.[32] And, mere denial of receipt is not sufficient to rebut the presumption.[33] The fact that Ms. Faucett received other mail sent by the Department of Labor to her address and that the Disqualification Decision was not returned to the U.S. Postal Service, bolsters the presumption that the Disqualification Decision was received.[34] Thus, there is substantial evidence that the Disqualification Decision was actually mailed; therefore, the presumption should apply.

---

[32] *Id*.

[33] *Id*.

[34] *Id*. At the hearing, Ms. Faucett continually acknowledged receiving the Hearing Notice at her address. *See* R. at 44:19-21 ("I'm referring to the one that I just received for the docket number 27130575."); 17:13-16 ("I haven't received anything in the mail from them, only this appeal paper."); and 47: 20-23 ("I received maybe

Generally, the Board only exercises its discretion to hear an untimely appeal where "administrative error on the part of the Department of Labor deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by inaction."[35] The Board found no evidence of administrative error. The Court agrees and finds that the Board did not abuse its discretion by refusing to hear Ms. Faucett's appeal despite its untimeliness.

## VI.   CONCLUSION

This Court's review of the Board's decision is limited. The Board declined to hear Ms. Faucett's appeal on the grounds that Disqualification Decision was properly addressed to Ms. Faucett and there was no evidence of administrative error. Substantial evidence exists to support the Board's decision, and no legal error exists. Accordingly, the Board's decision declining to hear Ms. Faucett's appeal is **AFFIRMED**.


   **IT IS SO ORDERED**.


                                                    /s/Patricia A. Winston
                                              **Patricia A. Winston, Judge**

---

two pieces from Department of Labor so far and the rest of the papers that were supposed to come, I never received.").
[35] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).