# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NAJEE FAUCETT,              )

            )

      Appellant,         )

            )

     v.              )     C.A. No. N22A-03-008 VLM

            )

UNEMPLOYMENT INSURANCE   )

APPEAL BOARD,         )

            )

      Appellee.         )

            )

## ORDER

Submitted: July 8, 2022
Decided: August 1, 2022

*Upon Consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board*, **AFFIRMED**.

Najee Faucett, *Pro Se*.

Victoria E. Groff, Esquire, Department of Justice, Wilmington, DE. *Attorney for Appellee Unemployment Insurance Appeal Board*.

**MEDINILLA, J.**

# I.    INTRODUCTION

Appellant, Najee Faucett ("Appellant"), appeals a decision of the Unemployment Insurance Appeal Board ("Board") that declined to hear Appellant's untimely appeal. Upon consideration of the arguments, submissions of the parties, and the record in this case, the Court hereby finds as follows:

1.    Appellant was employed by Gulf Trainer USA Wilmington ("Employer") as a casual/seasonal worker from January 20, 2015, to the date of his termination on October 3, 2021.[1]  Appellant worked on an as-needed basis and was not guaranteed hours.[2]

2.    Appellant filed a claim with the Division of Unemployment Insurance (the "Division") and a hearing was held before an Appeals Referee on November 4, 2021.[3] That same day, the Appeals Referee determined Appellant was disqualified from receiving unemployment insurance benefits.[4]

3.    On November 16, 2021, Appellant appealed the Appeal's Referee decision.[5]  On January 6, 2022, the Board determined the appeal was untimely filed and declined to exercise its discretion under 19 *Del. C.* § 3320 to accept the untimely

---

[1] Record, Referee's Decision, at 43.
[2] *Id.*
[3] *See* Record, Transcript of Proceedings dated November 4, 2021, at 22–41.  The claim was referred to the Appeal's Referee by the Claims Deputy.  *See* Record, Notice of Claims Deputy Determination, at 49.
[4] *See* Record, Referee's Decision, at 42–45.
[5] *See* Record, Email from Appellant dated November 16, 2021, at 21.

request.[6]  Appellant requested a rehearing on January 12, 2022,[7] which the Board denied on March 3, 2022.[8]

4.  On March 23, 2022, Appellant filed a notice of appeal with this Court. Briefs were filed on May 28, June 21, and July 5, 2022.  This matter was assigned to this Court on July 8, 2022.  This matter is now ripe for decision.

## II.  STANDARD OF REVIEW

5.  On an appeal from the Board, this "[C]ourt must determine whether the findings and conclusions of the Board are free from legal error" and whether they are "supported by substantial evidence in the record."[9]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10]  The Court does not "weigh the evidence or make determinations based on credibility or facts."[11]  Absent an abuse of discretion by the Board, this Court will uphold the Board's determination.[12]

---

[6] *See* Record, Board Decision dated January 6, 2022, at 15–19.
[7] *See* Record, Email from Appellant dated January 12, 2022, at 12.
[8] *See* Record, Board Decision dated February 2, 2022, at 7–10.
[9] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 7, 2011) (citing *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981)).
[10] *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Industries, Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).
[11] *Id.* (citing *Johnson v. Chrysler Corp.*, 203 A.2d 64, 66 (Del. 1965)).
[12] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

## III. DISCUSSION

6. Appellant appeals the Board's decision seeking "the funds that [he] claimed that [he has] not been paid for."[13] He states four reasons why this Court should rule in his favor but fails to cite any legal authority in support.[14] In response, the State argues the Board's decision should be upheld because the Board acted within its discretion under 19 *Del. C.* § 3320 when it declined to accept Appellant's untimely appeal.[15] Similarly, the State asserts the Board did not abuse its discretion where it denied Defendant's request for a rehearing.[16]

7. Under 19 *Del. C.* § 3318(c), the decision of the Appeal's Referee "shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal is initiated."[17] In denying Appellant's appeal, the Board noted the last day for Appellant to file an appeal with the Board was November 14, 2021, and Appellant's appeal was filed on November 16, 2021.[18] The Board acknowledged that it may exercise discretion under 19 *Del. C.* § 3320 to accept an untimely request in "*severe* circumstances" and declined to do so.[19]

---

[13] Appellant Opening Brief, D.I. 15.

[14] *See generally* Appellant Reply Brief, D.I. 17 (In support Appellant states: (1) he is hard working and this situation is a result of the COVID-19 pandemic; (2) "[he] has never tried to get over on the system for money of fraud" and is struggling financially; (3) various struggles over the past five years; and (4) he has done everything the Department of Labor has asked him to do.).

[15] *See* State's Letter in Response, D.I. 16, at 1–2.

[16] *See id.* at 3.

[17] 19 *Del. C.* § 3318(c).

[18] Record, Board Decision dated January 6, 2022, at 15.

[19] *Id.* at 16.

8.      The Board considered that Appellant chose to file his appeal by email and later expressed wifi connection concerns.[20]  The Board determined there was "no evidence of Departmental error that prevented [Appellant] from filing a timely appeal . . . ."[21]  The Board further found that Appellant did not provide "any evidence of any severe circumstances sufficient to justify the exercise of the Board's discretion . . . ."[22] It is not an abuse of discretion for the Board to decline to hold a hearing[23] and the Board's power to accept an untimely appeal is discretionary.  Here, the Board's decision is supported by substantial evidence.

9.      Appellant has failed to establish that the Board abused its discretion in denying his appeal or his request for reargument.  The record supports the Board's decision to deny Appellant's request for appeal and a new hearing.  The Board did not abuse its discretion and there is no error of law.  For the foregoing reasons, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[20] Record, Board Decision dated February 2, 2022, at 7–8.
[21] *See* Record, Board Decision dated January 6, 2022, at 16; *see also* Record, Board Decision dated February 2, 2022, at 8 ("There is no evidence of administrative error by the Department that caused the delay….").
[22] *See* Record, Board Decision dated January 6, 2022, at 16; *see also* Record, Board Decision dated February 2, 2022, at 8 ("…nor is there any evidence of severe circumstances in which the interests of justice require the Board to accept an untimely appeal under § 3320.").
[23] *See Straley v. Advance Staffing, Inc.*, 984 A.2d 124, 2009 WL 3451913, at *2–3 (Del. 2009).