# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LENETTE LOPEZ,          )
                               )
     Appellant,           )
                               )
        v.               )     C.A. No. N23A-03-005 FWW
                               )
UNEMPLOYMENT INSURANCE   )
APPEAL BOARD,           )
                               )
     Appellee.            )

Submitted: October 17, 2023
Decided: December 20, 2023

*Upon Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED**.

## <u>ORDER</u>

Lenette Lopez, Bear, Delaware, *pro se,* Appellant.

Victoria W. Counihan, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Division of Unemployment Insurance.

Matthew B. Frawley, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Unemployment Insurance Appeal Board.

**WHARTON, J.**

This 20th day of December 2023, upon consideration of Appellant Lenette Lopez's ("Lopez") Opening Brief,[1] Appellee Division of Unemployment Insurance's Answering Brief ("Division"),[2] and the record,[3] it appears to the Court that:

1. Lopez appeals a decision of the Unemployment Insurance Appeal Board ("Board") dated February 28, 2023.[4] The Board affirmed a decision of an Appeals Referee ("Referee") finding that Lopez was overpaid unemployment benefits.[5] The Referee found that Lopez previously was found disqualified from receiving unemployment benefits, resulting in an overpayment to her in the amount of $931.00 for weeks ending March 21 to May 2, 2020.[6] After, it reviewed the record, the Board found no error in the Referee's decision.[7] Applying this Court's decision in *Starcks v. Unemployment Insurance Appeal Board*,[8] the Board found

---

[1] Appellant's Op. Br., D.I. 10.

[2] Division's Ans. Br., D.I. 13. (Pursuant to 19 *Del. C.* § 3322(b), the Division is a statutory party in interest.)

[3] Lopez did not file a Reply Brief. The Unemployment Insurance Appeal Board advised the Court that, as the tribunal below, it does not have an interest in seeking to have its decision upheld on appeal. *See,* letter dated July 18, 2023 from Deputy Attorney General Matthew B. Frawley, Esquire, attorney for the Unemployment Insurance Appeal Board, D.I. 12.

[4] D.I. 1.

[5] Board's Decision, Appeal Docket No. 61243742 (UIAB Feb. 28, 2023), R. at 5.

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] 2013 WL 4848101, at *4 (Del. Super. Ct. July 30, 2013).

the record showed that Lopez was sent an overpayment notice, the amount calculated was accurate, and that the notice was sent to Lopez properly.[9]

2. In her appeal, Lopez argues that: (1) she was eligible to receive all of the benefits she received due to COVID-19; (2) she was not employed during the weeks she received the benefits; (3) she received benefits only during the COVID-19 shutdown; (4) she did not receive the notice of overpayment dated September 30, 2021 as claimed by the Division; (5) she responded to the Division's notice dated August 8, 2022; and (6) she delivered a copy of her Bank of America employment offer letter showing a start date of May 4, 2020 to the appeals officer.[10] As Lopez phrases the issue "The entire subject matter in controversy is whether Appellant was eligible to receive unemployment compensation benefits."[11]

3. In response, the Division offers a counter-statement of facts.[12] According to the Division, Lopez filed a claim for pandemic unemployment assistance on May 3, 2020.[13] She was awarded and collected weekly benefits of $133.00 for that claim.[14] On September 30, 2021, a Division Claims Deputy issued a determination that Lopez was ineligible for benefits effective the week

---

[9] Board's Decision, R. at 2.
[10] Appellant's Op. Br. at 2, D.I. 10.
[11] *Id.* at 3.
[12] Division's Ans. Br. at 3, D.I. 13.
[13] *Id.* at 3-4.
[14] *Id.* at 3.

ending March 21, 2020 because "employer-reported wages to the Division indicated [Lopez] was employed at Bank of America while she was collecting unemployment benefits."[15] That determination became final on October 10, 2021 because Lopez did not appeal the ineligibility determination.[16] After the disqualification determination became final, the Division began a separate administrative proceeding to establish the amount of overpayment and to require that such overpayment be recouped.[17] On August 8, 2021, a Claims Deputy determined that Lopez received $931.00 in unemployment benefit overpayments.[18] Lopez then appealed the overpayment determination.[19] After a hearing on November 3, 2022, an Appeals Referee issued a decision upholding the Claims Deputy's overpayment determination.[20] In turn, that decision was affirmed by the Board in the decision Lopez now appeals.[21]

5.　The Division offers two arguments in support of the Board's decision. First, it argues that the Board's decision is supported by substantial evidence and it did not abuse its discretion in affirming the overpayment determination.[22] Second,

---

[15] *Id.*
[16] *Id.*
[17] *Id.* at 4.
[18] *Id.*
[19] *Id.* at 10-14.
[20] *Id.*
[21] *Id.*
[22] Division's Ans. Br. at 8-13, D.I. 13.

it contends that the underlying ineligibility determination is final and no longer appealable making Lopez's eligibility arguments irrelevant.[23]

6. The Board's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[24] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[25] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[26] Moreover, because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the Board unless the Court finds that the Board "act[ed] arbitrarily or capriciously" or its decision "exceed[ed] the bounds of reason."[27] Questions of law are reviewed *de novo*.[28]

7. The Court turns first to the issue of the finality of the ineligibility determination, because, as Lopez admits, her eligibility for unemployment insurance benefits is "the entire subject matter in controversy."[29] If the determination that Lopez was ineligible for benefits became final on October 10,

---

[23] *Id.* at 13-15.

[24] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[25] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[26] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

[27] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).

[28] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).

[29] Appellant's Op. Br. at 3, D.I. 10.

2021 and was not appealed, as the Division contends, Lopez is left without an appealable issue and the Board's decision must be affirmed.

8.    In her request for relief in her Opening Brief, Lopez states that she did not receive the ineligibility determination notification dated September 30, 2021.[30] He brief contains no argument on that point, however.

9.    At the hearing before the Referee, Lopez confirmed her mailing address.[31]  On behalf of the Division, Thomas Justice testified that an ineligibility determination for receipt of benefits effective the week of ending March 21, 2020 was issued on September 30, 2021 and became final on October 10, 2021 after Lopez did not appeal.[32]  The ineligibility determination and an affidavit of mailing stating that the determination of ineligibility was mailed to the address Lopez confirmed were admitted into evidence without objection.[33]  In her testimony, Lopez maintained that she, in fact, was eligible to receive unemployment insurance benefits, but never claimed that she did not receive the ineligibility determination.[34]

10.    The Court finds that Lopez's belated attempt on appeal to claim that she did not receive notice of the ineligibility determination is unavailing.

---

[30] Appellant's Op. Br. at 2, D.I. 10.
[31] R. at 16.
[32] *Id.* at 17.
[33] *Id.* at 8, 86-87.
[34] *Id,* at 26-29.

Delaware law provides that if mail is correctly addressed, stamped, and mailed, it is presumed to have been received by the party to whom it was addressed.[35] Lopez has presented no evidence suggesting any error by the Division in mailing or addressing the ineligibility determination to overcome the presumption of mailing.[36] The "[m]ere denial of receipt is insufficient to rebut the presumption."[37] Accordingly, the ineligibility determination is presumed to have been received, and because Lopez did not appeal that determination, it became final and not subject to appeal here. Additionally, Lopez waived any ability to assert error by the Division in mailing the determination to her when she failed to raise the issue before the Referee.

11. Because Lopez may not raise the issue she asserts constitutes the "entire subject matter in controversy" on appeal, the Court must affirm the Board if it finds its decision was supported by substantial evidence and free from legal error. After carefully reviewing the record, the Court finds that the Board's decision upholding the Referee's decision meets that standard.

---

[35] *See, PAL of Wilmington* 2008 WL 2582986, at *4.
[36] *Id.*
[37] *See, Straley v. Advance Staffing, Inc.*, 2009 WL 3451913, at *3 (Del. 2009).

**THEREFORE**, the decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.


**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
