# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JALISA WHITE             )
                                    )
        Appellant,     )
                                    )
     v.              )   C.A. No. N23A-08-004 PAW
                                    )
UNEMPLOYMENT INSURANCE  )
APPEAL BOARD          )
                                    )
        Appellee.     )

Submitted: February 2, 2024
Decided: May 8, 2024

*Upon Appeal from the Unemployment Insurance Appeal Board;*

**AFFIRMED.**

## MEMORANDUM OPINION AND ORDER

Jalisa White, *Self-Represented Appellant.*

Matthew B. Frawley, Esq., of the Delaware Department of Justice, *Attorney for Appellee.*

**WINSTON, J.**

## I. INTRODUCTION

This appeal stems from an Unemployment Insurance Appeal Board's (the "Board") decision declining to accept Jalisa White's appeal and affirming the Appeals Referee's (the "Referee") decision that her appeal of the Claim Deputy's Determination was untimely. For reasons set forth below, the Board's decision is **AFFIRMED.**

## II. FACTUAL AND PROCEDURAL HISTORY

White filed for unemployment benefits with the Department of Labor after being terminated from her employer, Positive Change Academy.[1] According to her benefits application, White was terminated because she received a verbal warning for lateness and leaving early.[2] On April 3, 2023, a Claims Deputy mailed a notice of determination (the "Determination") denying White's claim for unemployment benefits because the Department of Labor found her discharged with just cause.[3] The Determination identified the employer as Positive Directions instead of Positive Change Academy.[4] The Determination also specified that it becomes final on April 13, 2023, unless a written appeal is filed.[5] On April 14, 2023, White emailed the

---

[1] R. at 7.
[2] *Id.*
[3] R. at 68. It is undisputed that White received the Determination.
[4] *Id.*
[5] *Id.*

Department of Labor "resending [her] appeal [because she had not] heard anything since [she] spoke with [a Department of Labor representative]...."[6] White asserted the Department of Labor erroneously utilized the incorrect employer when deciding her claim.[7] On April 20, 2023, the same Claims Deputy mailed an additional notice of determination (the "Second Determination") to White.[8] The Second Determination found the Determination disqualified White from receiving benefits and noted White filed her written appeal on April 14, 2023, one day after the Determination became final and binding.[9] The Second Determination also advised that a hearing to address only the timeliness of White's appeal would be scheduled.[10] Subsequently, on May 25, 2023, the Department of Labor noticed White's timeliness appeal hearing for June 6, 2023 with the Referee.[11]

At the hearing, the Referee confirmed White's mailing address.[12] White further testified she received the Determination and was aware of the April 13 appeal deadline.[13] When asked by the Referee whether she submitted anything in writing prior to the deadline, White stated she appealed in-person on April 11, 2023.[14]

---

[6] R. at 69. There is no attachment to White's email.
[7] *Id.*
[8] R. at 63. It is undisputed that White received the Second Determination.
[9] R. at 66.
[10] *Id.*
[11] R. at 62.
[12] R. at 21:14-19.
[13] R. at 25:5, 29:4-8, and 31:13-14.
[14] R. at 31:21-23 and 33:22-34:5.

White, however, could not find a copy of her in-person appeal and attested she was unaware the hearing related to timeliness only.[15] Consequently, the Referee gave White until the end of the day to provide proof of her in-person appeal,[16] but no evidence was submitted. The Referee then affirmed the Determination finding White's appeal untimely.[17]

White next appealed to the Board. The Board found no evidence that the Department of Labor used the incorrect address when it mailed the Determination creating a rebuttable presumption that White received the Determination.[18] In addition, the Board concluded that White's appeal failed to provide any evidence of severe circumstances preventing her from appealing the Determination before the statutory deadline.[19] Therefore, the Board declined to exercise its discretion to accept White's appeal and affirmed the Referee's decision.[20] In turn, White filed the instant appeal to this Court.[21]

---

[15] R. at 35:18-21 and 37:21-23. The Referee clarified the hearing was originally scheduled for a discharge appeal hearing instead of one solely addressing timeliness. R. at 36:20-37:10. This mistake was cured when the Department of Labor issued the May 25, 2023, hearing notice which indicated the "only testimony at [the] hearing will be the issue of the claimant's timeliness of appeal." R. at 62.
[16] R. at 46:20-47:6.
[17] R. at 15-17.
[18] R. at 9.
[19] *Id*.
[20] *Id*.
[21] R. at 5.

## III.    STANDARD OF REVIEW

The Court's review of decisions from the Unemployment Insurance Appeal Board is limited to a determination of whether there was substantial evidence to support the findings of the Board.[22]   Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[23]   The Court will not weigh the evidence, determine questions of credibility, or make its own factual findings.[24]  If the Board's decision is supported by substantial evidence and is free from legal error, then the Board's decision will be affirmed.[25]

A discretionary decision of the Board will be upheld absent an abuse of discretion.[26]   An abuse of discretion occurs when the Board "acts arbitrarily or capriciously" or "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[27]  The Court reviews questions of law *de novo* to determine "whether the Board erred in formulating or applying legal precepts."[28]

---

[22] *City of Newark v. Unemployment Ins. Appeal Bd.*, 802 A.2d 318, 323 (Del. Super. 2002).
[23] *Walker v. Unemployment Ins. Appeal Bd.*, 2015 WL 1542034, at *1 (Del. Super. Mar. 12, 2015).
[24] *Id.*
[25] *Id.*
[26] *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *2 (Del. Super. Apr. 30, 2009), *aff'd sub nom. Straley v. Advance Staffing, Inc.*, 984 A.2d 124 (Del. 2009).
[27] *Id*.
[28] *Id*.

## IV.  ANALYSIS

### The Appeal is Untimely, and the Board Did Not Abuse its Discretion in Declining to Hear the Untimely Appeal

On appeal, White concedes she untimely appealed the Determination, but argues the merits of the underlying Determination.[29]  In opposition, the Board contends it did not abuse its discretion in denying White's appeal request because White failed to comply with the statutory deadline and the Department of Labor committed no errors preventing her from filing a timely appeal.[30]  The Determination specified the decision would become final unless appealed by April 13, 2023.  White did not appeal until April 14, 2023, after the appeal deadline passed.  White concedes her appeal was untimely.

Therefore, the sole issue before the Court is whether the Board abused its discretion in declining to hear White's untimely appeal.  The Board did not.  The Board declined to accept White's appeal because the Determination was properly sent to White and White untimely appealed.  Generally, the Board only exercises its discretion to hear an untimely appeal where "administrative error on the part of the Department of Labor deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by inaction."[31]

---

[29] Op. Br. at 1.

[30] Ans. Br. at 3-4.  Although afforded an opportunity to reply to the Board's opposition, White failed to submit a reply in support of her appeal.  D.I. 15 and 16.

[31] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

The Board found no evidence either. The Court agrees and finds that the Board did not abuse its discretion by refusing to hear White's appeal despite its untimeliness.

## V.    CONCLUSION

This Court's review of the Board's decision is limited. The Board declined to hear White's appeal on the grounds that the Determination was properly addressed to White, no evidence of administrative error existed, and White presented no evidence of severe circumstances preventing her from filing an appeal before the statutory deadline. Accordingly, the Board's decision declining to hear White's appeal is **AFFIRMED**.

**IT IS SO ORDERED.**

*/s/Patricia A. Winston*
**Patricia A. Winston, Judge**