[Sunbury, July 3, 1829.]

HESS *against* HESS for the use of EVANS and Wife.

IN ERROR.

It is error, when an action is brought *for the use* of another, and the nominal plaintiff dies, to swear the jury, and try the cause in the name of *cestui que use.*

ERROR to the Court of Common Pleas of ———— county.

*Frick,* was of counsel for the plaintiff in error, and *Marr,* for the defendants in error.

The opinion of the court was delivered by

Tod, J.—This action of debt was brought in the court below by *William Hess,* as plaintiff, for the use of *John Kyle,* Sen., against the plaintiff in error. *John Kyle's* name was struck out on application to the court, and the names of *Evans* and his wife substituted. When the cause was reached, on the trial list, the death of *William Hess,* the plaintiff, was suggested; and the defendants' counsel alleged that a legal plaintiff must be substituted before the cause could be tried; and that not knowing of the death of the plaintiff they were unprepared, &c. The court ordered the jury to be sworn; and the cause, leaving out the name of *William Hess,* was tried in the names of *James Evans* and *Ann* his wife, as plaintiffs.

It seems very clear that if this cause was rightly tried, and the jury rightly sworn in the names of *Evans* and wife as plaintiffs, then the action might have been sustained, had it been brought originally in the names of *Evans* and wife. It cannot well be said that a cause requires more precisely legal parties at its commencement than at its trial. What was done in this case is said to be the practice. But to support this practice we must say that an assignee, or donee, of a *chose in action,* may sue in his own name, contrary to the common law, and contrary to the statute law: for the act of assembly, (*Purd. Dig.* 97,) permitting bonds and specialties to be sued upon by an assignee, when assigned with certain specified formalities, appears conclusive to show that without such formalities they cannot be sued upon by an assignee. A practice that bonds, specialties, and simple contracts may be sued on in any name whatsoever, may, perhaps, produce much mischief. But whether productive of mischief or not, it is a change in the law which in my opinion nothing short of legislative authority is competent to effect.

Judgment reversed.