# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL PAYNE,                        )
                                      )
   Appellant,          )
                                      )
  v.                        )  C.A. No. K24A-09-002 NEP
                                      )
CHIMES METRO, INC., and               )
UNEMPLOYMENT INSURANCE                )
APPEAL BOARD,                         )
                                      )
   Appellees.          )

Submitted: December 26, 2024
Decided: February 25, 2025

## ORDER

***Upon Appellee Unemployment Insurance Appeal Board's Motion To Dismiss***

**GRANTED**

1. Michael Payne has appealed the Unemployment Insurance Appeal Board's (the "UIAB's") decision to dismiss his case for failure to appear at a scheduled hearing. The UIAB has moved to dismiss Mr. Payne's appeal on the ground that it is untimely. The Court today holds that Mr. Payne's appeal is untimely and that no fault on the part of the UIAB excuses this late filing. Accordingly, the Court lacks jurisdiction over Payne's appeal. Therefore, the Court **GRANTS** the UIAB's motion to dismiss.

## I.  BACKGROUND[1]

2.  Michael Payne was employed by Chimes Metro, Inc. ("Chimes"), from September 15, 2021, through July 27, 2023.[2]  Chimes suspended Payne on June 27, 2023, and terminated him in early October 2023.[3]  On July 23, 2023, Payne filed for unemployment benefits.[4]  On October 31, 2023, the Appeals Referee denied this application,[5] noting that Payne was still employed as of his filing.[6]  Payne appealed this decision to the UIAB on May 15, 2024.[7]  On July 16, 2024, the UIAB granted Payne's application for appellate review, even though it was filed more than six months after the deadline to do so.[8]  On July 18, 2024, the UIAB notified Payne that a hearing on his appeal was scheduled for 10:20 a.m. on July 31, 2024.[9]  This notice was mailed to the same address Payne listed on his appeal letter:  39 Harcrest Court, Dover, Delaware  19901.[10]

3.  Neither Payne nor any representative of Chimes appeared at the scheduled time for the July 31, 2024, UIAB hearing.[11]  The UIAB convened approximately ten minutes after the hearing was scheduled to begin and dismissed the case because Payne had failed to prosecute his appeal.[12]  The UIAB reduced this decision to writing on July 31, 2024,[13] and mailed it to 39 Harcrest Court, Dover,

---

[1] Citations in the form of "D.I. ___" refer to docket items.  Citations in the form of "R. ___" refer to pages of the certified record filed with this Court on December 26, 2024.  *See* D.I. 23.
[2] R. 67.
[3] *Id.*
[4] R. 66.
[5] R. 68.
[6] R. 67.
[7] R. 28, 30, 35.
[8] R. 28.
[9] R. 23.
[10] *Id.*
[11] R. 13, 19.  Chimes also failed to file a notice of appearance with this Court in connection with these proceedings.
[12] R. 19.
[13] R. 13.

DE 19901 on August 1, 2024.[14] The written decision noted that it would become final on August 15, 2024.[15]

4.     On September 18, 2024, Payne filed a Notice of Appeal with this Court, reciting the following:

> On my way to the hearing, I experienced a flat tire. Immediately called the unemployment office to notify them. Numerous time [sic]. No one answer [sic]. I called my wife to come and get me to transport me to my hearing. She did and I got to the hearing 1 hour late. The hearing was over.[16]

The Case Information Statement Payne filed with this Court also listed his address as 39 Harcrest Court, Dover, DE 19901.[17]

5.     On December 6, 2024, the UIAB filed a motion to dismiss. Citing Superior Court Civil Rule 72(i), the UIAB argues that Payne's appeal must be dismissed because it is untimely and there is "no evidence that . . . any . . . unusual circumstance exists . . . to excuse the late appeal."[18]

6.     Payne filed a response to the UIAB's motion on December 19, 2024.[19] In addition to the assertions in his September 18 Notice, Payne states that he arrived to the July 31, 2024, hearing 30 minutes late,[20] signed in, and was told by a UIAB agent that he would "receive a notice in the mail."[21] When such mail was not forthcoming, he called the Department of Labor Appeals Unit on September 17 "to

---

[14] R. 15.
[15] R. 13.
[16] D.I. 1; R. 11.
[17] R. 9.
[18] Appellee Unemployment Insurance Appeal Board's Motion To Dismiss Under Superior Court Civil Rule 72(i) ¶ 6 (D.I. 12).
[19] *See* D.I. 21.
[20] This time estimate is inconsistent with Payne's September 18, 2024, letter, but the Court does not draw any negative inference from the inconsistency, and any discrepancy is irrelevant to the UIAB's motion to dismiss.
[21] D.I. 21.

check on the status of the appeal," and the Department emailed him a copy of the July 31, 2024, decision.[22] Payne filed his appeal with this Court the next day.[23]

## II. STANDARD OF REVIEW

7. Superior Court Civil Rule 72(i) provides that "[t]he Court may order an appeal dismissed, sua sponte, or upon a motion to dismiss by any party. Dismissal may be ordered for untimely filing of an appeal . . . or for any other reason deemed by the Court to be appropriate." As the Delaware Supreme Court has emphasized, "[t]he timely filing of an appeal is mandatory and jurisdictional."[24] In other words, "because an untimely-filed appeal is grounds for dismissal under Superior Court Rule 72(i), this Court lacks jurisdiction to hear" such an appeal.[25] Therefore, "[i]n the absence of a timely appeal to the Superior Court, the decision of the [UIAB] remains final."[26]

## III. ANALYSIS

8. Payne's appeal is untimely. Although he complains that he did not receive actual notice of the UIAB's July 31, 2024, decision, the UIAB appropriately mailed the decision to Payne's address, and Payne has not presented any evidence of fault connected with the mailing. As such, the UIAB afforded Payne sufficient due process. Therefore, the Court must dismiss the instant appeal for lack of jurisdiction, and the UIAB's decision to dismiss Payne's appeal for failure to prosecute remains final.

---

[22] *Id.*

[23] D.I. 1.

[24] *Imbragulio v. Unemployment Ins. Appeals Bd.*, 223 A.3d 875, 878 (Del. 2019) (quoting *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999)).

[25] *Johnson v. Delhaize America, LLC*, 2015 WL 7776473, at *1 (Del. Super. Nov. 18, 2015) (collecting cases).

[26] *Imbragulio*, 223 A.3d at 880.

9.      19 *Del. C.* § 3323(a) authorizes any party aggrieved by a UIAB decision to secure judicial review thereof by commencing an action in this Court, provided that the action is commenced "within 10 days after the decision . . . has become final." Payne was mailed a copy of the UIAB's July 31, 2024, decision to dismiss his appeal on August 1, 2024, and the decision became final on August 15, 2024. Because the relevant statute requires that any appeal to this Court be filed within ten calendar days after the decision has become final,[27] Payne was obligated to file on or before August 26, 2024.[28] Payne did not file with this Court until September 18, 2024. Mr. Payne now contends that this untimely filing should be excused because he did not receive actual notice until September 17, 2024.

10.      Mr. Payne's argument that the Court should consider the merits of his appeal notwithstanding his untimely filing ultimately turns on a question of due process.[29] "Due process requires that a party 'have a full and fair opportunity to be heard in its own defense.'"[30] Thus, notice must be "accomplished by a method reasonably calculated to afford the party an opportunity to be heard."[31]

11.      As this Court has routinely held in the context of UIAB appeals, due process does not require proof that a party actually received notice after it was mailed. The UIAB is "entitled to a rebuttable presumption 'that mail has been received by the party to whom it was addressed if it is correctly addressed, stamped, and mailed.'"[32] "The 'mere denial of receipt of the notice is insufficient to rebut this

---

[27] 19 *Del. C.* § 3323(a); *Imbragulio*, 223 A.3d at 881.
[28] This is because August 25, 2024, fell on a Sunday. *See* 19 *Del. C.* § 3304 (when last day for doing any act falls on a Sunday, the act may be done on the first ensuing day that is not a Saturday, Sunday, or legal holiday).
[29] *Cannon v. BesTemps*, 2019 WL 127077, at *3 (Del. Super. Jan. 7, 2019).
[30] *Id.* (quoting *Straley v. Advanced Staffing, Inc. (Straley I)*, WL 1228572, at *2 (Del. Super. Apr. 30, 2009), *aff'd*, 984 A.2d 124, 2009 WL 3451913 (Del. Oct. 27, 2009) (ORDER)).
[31] *Straley I*, 2009 WL 12285752, at *3 (quoting *Reagan Nat'l Adver., Inc. v. Unemployment Ins. Appeal Bd.*, 1990 WL 105632, at *2 (Del. Super. July 19, 1990)).
[32] *Cannon*, 2019 WL 127077, at *3 (quoting *Straley I*, 2009 WL 1228572, at *3).

presumption.'"[33] This Court will not find that a party's due process was violated by inadequate notice unless "the [UIAB] was at fault for a misdelivery."[34] The Court will not draw the inference that because a delivery was not received the UIAB must have been at fault.[35]

12.    Here, the UIAB mailed Payne notice that his administrative appeal had been dismissed and that he had the right of further appeal to this Court. The UIAB used the same address at which Payne was previously notified of the July 31, 2024, hearing and that Payne listed on his prior and subsequent filings. Payne has never claimed that this was not his address on August 1, 2024, and it is apparent from his (late) attendance at the July 31, 2024, hearing that he did receive mail there. Though Payne now claims that he did not receive the notice after it was mailed on August 1, 2024, he has presented no evidence of any fault on the part of the UIAB that prevented him from receiving it, and no such fault is evident from the record. The Court therefore concludes that Payne was afforded due process. Even if, as he claims, Payne did not receive actual notice of the UIAB's decision, his appeal to this Court was nonetheless untimely, and the Court therefore lacks jurisdiction to hear it.

13.    In sum, the Court finds that Mr. Payne's appeal is untimely, that no fault on the part of the UIAB excuses this late filing, and that the Court therefore lacks jurisdiction to hear Mr. Payne's appeal on the merits.

---

[33] *Stemmer v. Colby Enters.*, 2012 WL 5550771, at *3 (quoting *Brown v. City of Wilmington*, 1995 WL 653460, at *3 (Del. Super. Sept. 21, 1995)).
[34] *Straley v. Advance Staffing, Inc. (Straley II)*, 984 A.2d 124, 2009 WL 3451913, at *2 (Del. Oct. 27, 2009); *Cannon*, 2019 WL 127077, at *3 (quoting *Straley I*, 2009 WL 1228572, at *3).
[35] *See Cannon*, 2019 WL 127077, at *3 (citing *Straley I*, 2009 WL 1228572, at *3).

**WHEREFORE**, the Unemployment Insurance Appeal Board's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress* and *U.S. Mail*
oc:   Prothonotary
cc:   Michael Payne, *Pro Se* (Address of Record: 39 Harcrest Court, Dover, DE 19901)
      Counsel of Record